IDEAL CEMENT CO. v. HOME INS. CO. et al.

THE VIRGINIA A.

No. 13134.

United States Court of Appeals
Fifth Circuit.

July 21, 1950.

138

J. Edward Thornton, Mobile, Ala., for appellant.

Brunswick G. Deutsch, New Orleans, La., Theodore K. Jackson, Jr., Mobile, Ala., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

BORAH, Circuit Judge.

This appeal brings up for review an order of the District Court for the Southern District of Alabama dismissing a libel *in personam*. On October 8, 1948, Ideal Cement Company, owner of the Steel Deck Barge 105, filed a libel *in personam* against its underwriter to recover the loss which it is alleged to have sustained in consequence of the barge sinking from insured perils while in the custody of the tug Virginia A. Concurrently with the filing of the libel, libelant propounded interrogatories to respondent under Admiralty Rule 31 and later, with leave of court, additional interrogatories were filed. Thereafter exceptions to the libel and interrogatories were filed and overruled, whereupon the respondent filed an answer setting up by way of defense that libelant had breached various warranties in the policy; and the tug and her owner, alleged to be responsible for the loss, were impleaded under the 56th Admiralty Rule.

Libelant excepted to the answer on the ground, amongst others, that the respondent failed to allege that the breaches of warranty, if any, increased the risk of loss to respondent, or were made by libelant with actual intent to defraud, as required by an Alabama statute. Libelant also filed exceptions to the petition under the 56th Admiralty Rule. These exceptions were overruled.

In consequence of these adverse rulings libelant thereupon filed its motion for leave to dismiss and take a nonsuit. When the motion came on to be heard respondent announced its opposition to the motion and moved the court in the alternative to dismiss the libel with prejudice to the libelant to proceed further against the respondent on this same cause of action. After consideration and for reasons which do not appear of record, the court entered an order granting libelant's motion to dismiss and take a nonsuit, providing, however, that said dismissal was granted with prejudice to libelant's commencing other suits against respondent on this same cause of action. The order of dismissal further provided that costs should be taxed against libelant for which execution might issue. From this order libelant appeals.

Upon the basis of the facts as recited it seems plain to us that it was an abuse of discretion to dismiss the libel under the terms above stated. Libelant doubtless believed that it was entitled to dismiss as of right since the pleadings had not been closed and no evidence had been taken, and having moved the court for such relief it was entitled to a ruling that was compatible with its application. To impose a penalty of no further suits against respondent as the unconditional price which libelant must pay for having sought a nonsuit was clearly erroneous. We do not suggest that this case had, or that it had not, proceeded to the point beyond which libelant had lost its right to a nonsuit. We merely hold that the court below should have granted or denied libelant's motion to dismiss and take a nonsuit.

For the reasons above stated the order is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Judge WALLER participated in the hearing and decision of this cause, but died before the opinion was filed.